UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MIKE AHRENS,

              Plaintiff,

    v.

INTERNATIONAL PAPER COMPANY and
ROBERT MCMONIGLE

              Defendants.

---

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
*Attorney for Plaintiff*
5955 West Main Street
Kalamazoo, MI 49009
(tel.) 269.978.2474
mark@paladinemploymentlaw.com

---

# C O M P L A I N T

Plaintiff Mike Ahrens alleges the following for his complaint against Defendants International Paper Company and Robert McMonigle.

## NATURE OF THE CASE

1.      This case is about age discrimination and the negative (and wholly incorrect) perceptions about productivity and competence that some employers assign to older workers.

2.      Plaintiff Mike Ahrens worked for Defendant International Paper Company where his supervisor (Defendant Robert McMonigle) harassed and tormented Ahrens because of his advanced age (60).

3.      McMonigle and other employees continually harassed and tormented Ahrens because of his age where they would call him "gramps," "old man, "pappy," "old timer," and make

other ageist comments to him, and also tell him that he was "too old to understand," "older than dirt" and that "his memory is gone."

4.   These ageist comments and slurs were visited upon Ahrens almost every week and went on for years.  Ahrens also received unfair and unwarranted discipline because of his age.

5.   Ahrens reported the comments and age discrimination that he endured, but the company refused to take his reports seriously or take any action to intervene.

6.   Eventually, Defendants terminated Ahrens employment for reasons that were false and an obvious pretext meant to cover up their age discrimination, retaliation, and harassment.

7.   Ahrens has suffered damages as a result of Defendants' discrimination, retaliation, and harassment that include, but are not limited to, back wages, front pay, liquidated damages, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## PARTIES, JURISDICTION, AND VENUE

8.   Plaintiff Mike Ahrens is an individual person who resides in Van Buren County, Michigan.

9.   Defendant International Paper Company is a corporation organized under the laws of the State of New York.  The company operates a production facility in Three Rivers, Michigan.

10.   Defendant Robert McMonigle is an individual person who resides in St. Joseph, Michigan.

11.   The Court has personal jurisdiction over Defendants under Michigan Compiled Laws Sections 600.701, 600.705, 600.711, and 600.715. FED. R. CIV. P. 4(k)(1)(A).

12.   The Court has original subject matter jurisdiction over the claims asserted in the complaint under the Age Discrimination in Employment Act in accordance with Title 28 of the United States Code, Section 1331, because those claims arise under federal law.

13.     The Court has supplemental jurisdiction over the state law claims asserted in the complaint in accordance with Title 28 of the United States Code, Section 1367, because those claims are so related to the claims over which the Court has original jurisdiction that they form part of the same case and controversy.

14.     Venue is appropriate in this judicial district in accordance with Title 28 of the United States Code, Section 1391(b).

## GENERAL ALLEGATIONS

15.     Ahrens worked for Defendant International Paper from March 2018 until December 2023.

16.     Ahrens performed his job well and received several performance bonuses and promotions during his tenure at International Paper where he ultimately attained the position of maintenance manager.

17.     Ahrens was 60 years old when he last worked for International Paper.

18.     Defendant Robert McMonigle works for International Paper as the plant manager for the company's Three Rivers' facility, and McMonigle also served as Ahrens' supervisor.

19.     Jarrad Wilmert worked for International Paper as a manufacturing manager at the Three Rivers' facility, and Wilmert also supervised Ahrens' employment.

20.     Both McMonigle and Wilmert are significantly younger than Ahrens.

21.     McMonigle, Wilmert, and other employees (at McMonigle and Wilmert's urging) made age-based comments about Ahrens such as calling him "grandpa," "old man," "pappy," "gramps," and "old timer."

22.     McMonigle, Wilmert, and other employees (at McMonigle and Wilmert's urging) also said to Ahrens that he was "too old to understand," "older than dirt," and that he "wouldn't be able to remember" certain things because he was older, which were ageist tropes and were not true.

23.     The ageist comments and slurs made to Ahrens and about Ahrens occurred on a weekly basis and they continued for several years.

24.     Ahrens reported the ageist comments and slurs, as well as the discriminatory treatment that he encountered, to International Paper's human resources employees on several different occasions.  The company's human resources employees generally just blew Ahrens' complaints off, refused to take any action or take them seriously, and told Ahrens to try to resolve things with his supervisor and the other ageist employees on his own.

25.     Over the same period of time, Ahrens received a series of unwarranted discipline from McMonigle, Wilmert, and others that was the product of age discrimination and bias, and which ultimately lead to the termination of his employment.

26.     Defendants then hired a significantly younger employee (in his 30s) to replace Ahrens who has far less skill, ability, knowledge, and experience than Ahrens.

27.     Ahrens filed a charge of age discrimination against International Paper with the United States Equal Employment Opportunity Commission.  More than 60 days have passed since Ahrens filed his charge and the EEOC has unsuccessfully attempted to remedy Defendants' unlawful employment practices through informal means, and Ahrens has otherwise satisfied all administrative prerequisites to filing his causes of action.

## COUNT 1

### DISCRIMINATION IN VIOLATION OF THE
### AGE DISCRIMINATION IN EMPLOYMENT ACT

*(against International Paper only)*

28.     Ahrens repeats all the previous allegations in his complaint.  This count in the complaint proceeds against Defendant International Paper only.

29.     Ahrens belongs to a class of persons protected by the Age Discrimination in Employment Act.  He was 60 years old at the time of the adverse employment actions described in this

count and in other paragraphs of the complaint.

30.   International Paper terminated Ahrens' employment.

31.   International Paper replaced Ahrens with a significantly younger employee.

32.   But for Ahrens' age, International Paper would not have terminated Ahrens' employment.

33.   International Paper willfully discriminated against Ahrens based on his age.

34.   Ahrens suffered damages as a result of International Paper's discrimination that include, but are not limited to, back wages, front pay, liquidated damages, attorney's fees, and litigation costs.

## COUNT 2

### DISCRIMINATION IN VIOLATION OF
### MICHIGAN'S ELLIOTT-LARSEN CIVIL RIGHTS ACT

*(against International Paper and McMonigle)*

35.   Ahrens repeats all the previous allegations in his complaint.  This count in the complaint proceeds against Defendants International Paper and McMonigle.

36.   Ahrens belongs to a class of persons protected by the Elliott-Larsen Civil Rights Act.  He was 60 years old at the time of the adverse employment actions described in this count and in other paragraphs of the complaint.

37.   Defendants terminated Ahrens' employment.

38.   Defendants replaced Ahrens with a significantly younger employee.

39.   Ahrens' age was one of the motives or reasons that made a difference in Defendants' decision to terminate his employment.

40.   Ahrens suffered damages as a result of Defendants' discrimination that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## COUNT 3

### RETALIATION IN VIOLATION OF THE
### AGE DISCRIMINATION IN EMPLOYMENT ACT

*(against International Paper only)*

41.     Ahrens repeats and incorporates all the previous allegations in his complaint.  This count in the complaint proceeds against Defendant International Paper only.

42.     Ahrens engaged in activity protected by the ADEA when he, among other things, opposed the discrimination that he endured in International Paper's workplace.

43.     International Paper knew about Ahrens' opposition and protected activity.

44.     International Paper willfully treated Ahrens differently in connection with the terms and conditions of his employment and it ended his employment.

45.     International Paper would not have taken these adverse actions against Ahrens but for his protected activity.

46.     Ahrens suffered damages as a result of International Paper's retaliation that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## COUNT 4

### RETALIATION IN VIOLATION OF MICHIGAN'S
### ELLIOTT-LARSEN CIVIL RIGHTS ACT

*(against International Paper and McMonigle)*

47.     Ahrens repeats and incorporates all the previous allegations in his complaint.  This count in the complaint proceeds against Defendants International Paper and McMonigle.

48.     Ahrens engaged in activity protected by Michigan's Elliott-Larsen Civil Rights Act when he, among other things, opposed the discrimination that he endured in the workplace.

49.     Defendants knew about Ahrens' opposition and protected activity.

50.     Defendants treated Ahrens differently in connection with the terms and conditions

- 6 -

of his employment and they ended his employment.

51.     There was a causal connection between Ahrens' protected activity and the adverse employment actions Defendants took against him.

52.     Ahrens suffered damages as a result of Defendants' retaliation that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

**COUNT 5**

**HARASSMENT IN VIOLATION OF THE
AGE DISCRIMINATION IN EMPLOYMENT ACT**

*(against International Paper only)*

53.     Ahrens repeats and incorporates all the previous allegations in his complaint.  This count in the complaint proceeds against Defendant International Paper only.

54.     Ahrens was subjected to communications and conduct based on his age.

55.     The communications and conduct were abusive, hostile, and unwelcome.

56.     Ahrens was subjected to a hostile work environment and otherwise treated differently than other employees because of his age.

57.     International Paper was legally responsible for the work environment that was hostile to Ahrens because of his age.

58.     The hostile work environment Ahrens endured was so severe or pervasive so as to alter the terms and conditions of his employment by creating a hostile and abusive working environment.

59.     International Paper knew about the conduct Ahrens was subjected to and willfully failed to implement reasonably prompt and appropriate corrective actions to end the harassment, and the company also actively encouraged the creation of the hostile and abusive working environment.

60.    Ahrens suffered damages as a result of International Paper's harassment that include, but are not limited to, back wages, front pay, liquidated damages, attorney's fees, and litigation costs.

## COUNT 6

### HARASSMENT IN VIOLATION OF
### MICHIGAN'S ELLIOTT-LARSEN CIVIL RIGHTS ACT

*(against International Paper and McMonigle)*

61.    Ahrens repeats and incorporates all the previous allegations in his complaint.  This count in the complaint proceeds against Defendants International Paper and McMonigle.

62.    Ahrens was subjected to communications and conduct based on his age.

63.    The communications and conduct were abusive, hostile, and unwelcome.

64.    Ahrens was subjected to a hostile work environment and otherwise treated differently than other employees because of his age.

65.    Defendants were legally responsible for the work environment that was hostile to Ahrens because of his age.

66.    The hostile work environment Ahrens endured was so severe or pervasive so as to alter the terms and conditions of his employment by creating a hostile and abusive working environment.

67.    Defendants knew about the conduct Ahrens was subjected to and failed to implement reasonably prompt and appropriate corrective actions to end the harassment, and they also actively encouraged the creation of the hostile and abusive working environment.

68.    Ahrens suffered damages as a result of Defendants' harassment that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## JURY DEMAND

69.     Ahrens demands a trial by jury on all issues so triable. 29 U.S.C. § 626(c)(2); FED.

R. CIV. P. 38(b).

## RELIEF REQUESTED

70.     Plaintiff Mike Ahrens requests that the Court enter a judgment in his favor and

against Defendants International Paper Company and Robert McMonigle (jointly and severally) in

an amount that will fully and fairly compensate him for all of his damages, losses, expenses, back

wages, liquidated damages, emotional distress, attorney's fees, litigation costs, and interest.

71.     Ahrens also requests that the court grant him any additional relief, both legal and

equitable, as the Court determines to be appropriate and just under the circumstances.

MIKE AHRENS

Dated:  September 9, 2024                By:    /s/  Mark S. Wilkinson

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
*Attorney for Plaintiff*
5955 West Main Street
Kalamazoo, MI 49009
(tel.) 269.978.2474
mark@paladinemploymentlaw.com